# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | David H. Coar | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 02 C 0276 | **DATE** | 4/11/2002 |
| **CASE TITLE** | John M. Tadey and Charles T. Holloman vs. Exelon Corporation | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]

(2) ☐ Brief in support of motion due _____.

(3) ☐ Answer brief to motion due_____ . Reply to answer brief due_____.

(4) ☐ Ruling/Hearing on _____ set for _____ at _____.

(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(7) ☐ Trial[set for/re-set for] on _____ at _____.

(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.

(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
     ☐ FRCP4(m)   ☐ General Rule 21   ☐ FRCP41(a)(1)   ☐ FRCP41(a)(2).

(10) ■ [Other docket entry]   For the reasons stated in the attached Memorandum Opinion and Order, the plaintiffs' motion to remand is denied. [Doc.# 5]. The Rule 16 scheduling conference is reset to 4/26/2002 at 9:30 am. This court orders the defendant to answer or plead by 4/24/2002.

(11) ■ [For further detail see order attached to the original minute order.]

| | | | | |
|---|---|---|---|---|
| ✓ | No notices required, advised in open court. | *Copies given out in open Court* | number of notices | **Document Number** |
| | No notices required. | | | |
| | Notices mailed by judge's staff. | | date docketed | |
| | Notified counsel by telephone. | | | |
| | Docketing to mail notices. | | docketing deputy initials | |
| | Mail AO 450 form. | | | |
| | Copy to judge/magistrate judge. | | date mailed notice | |
| vg(lc) | courtroom deputy's initials | U.S. DISTRICT COURT   02 APR 11 PM 4: 09 | Date/time received in central Clerk's Office | mailing deputy initials |



# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
### EASTERN DIVISION

| | |
|---|---|
| John M. Tadey and<br>Charles T. Holloman, | ) |
| | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| | ) No. 02 C 276 |
| v. | ) |
| | ) HONORABLE DAVID H. COAR |
| Exelon Corporation | ) |
| | ) |
| | ) |
| Defendant. | ) |

## MEMORANDUM OPINION AND ORDER

Before this court is plaintiffs', John M. Tadey ("Tadey") and Charles T. Holloman

("Holloman") (collectively "plaintiffs") motion to remand this matter to Circuit Court of Cook

County, Law Division for lack of subject matter jurisdiction, pursuant to 28 U.S.C. 1447(c). For

the following reasons, the plaintiff's motion is denied.

### Background

Plaintiffs are former employees of Commonwealth Edison Company ("ComEd"), a

subsidiary of Exelon Corporation. Both retired from employment due to their respective

disabilities. Tadey's retirement became effective August 21, 1996. Holloman's retirement

became effective July 9, 1996. At the time of plaintiffs' retirements, ComEd maintained for its

employees and retirees an Employee Life Insurance Plan (the "Plan") providing for a $50,000

death benefit payable to an employee's beneficiaries. Further, an employee who was determined

to be permanently and totally disabled and who applied within one year from the date of his

retirement could receive a Permanent and Total Disability ("PTD") benefit of $10,000. The

1



death benefit payable to such employee's beneficiaries upon his or her subsequent death would be reduced by the amount of the PTD benefit.

On November 27, 2001, plaintiffs filed their four count complaint in the Circuit Court of Cook County, Law Division, alleging common law fraud and intentional infliction of emotional distress. On January 11, 2002, defendants filed a Notice of Removal asserting preemption of the plaintiffs' common law claims under the Employee Retirement Income Security Act ("ERISA"), 29 U.S.C. 1144(a). Plaintiffs currently request that their case be remanded to the Circuit Court of Cook County, Law Division for lack of federal subject matter jurisdiction, pursuant to 28 U.S.C. 1447(c).

## Analysis

Plaintiffs argue that their claims do not fall into the domain of federal law and ERISA preemption because the PTD benefit, or more specifically Exelon's conduct with respect to the PTD benefit are not defined by reasonably ascertainable terms that govern the administration of that benefit. This court disagrees.

ERISA defines "employee welfare benefit plan" as "any plan, fund or program which was heretofore or is hereafter established or maintained by an employer . . . for the purpose of providing . . . benefits in the event of . . . disability, death or unemployment." 29 U.S.C. § 1002(1). In order to determine whether a "plan" has been established within the meaning of ERISA, ". . . a court must determine whether from the surrounding circumstances a reasonable person could ascertain the intended benefits, beneficiaries, source of financing, and procedure for receiving benefits." Diak v. Dwyer, Costello & Knox, P.C., 33 F.3d 809, 812 (7th Cir. 1994).

In this case, the claims in this matter arise from the plaintiffs' efforts to receive a PTD

benefit, which was provided to qualifying employee pursuant to the Plan. The Plan, itself, provides benefits in the event of disability and/or death, and the express purpose of the PTD component of the Plan is to pay a portion of these benefits to employees who are determined to be permanently and totally disabled at time of their retirement.

Plaintiffs assert that the PTD benefit is not offered pursuant to an employee benefit plan because "a reasonable person could not, under the surrounding circumstances, ascertain the procedure for receiving the PTD benefit." The surrounding circumstances, however, reveal the ComEd's PTD is firmly established as part of its employee benefit package. Further, the Supreme Court in <u>Fort Halifax Packing Co., Inc. v. Coyne</u>, 482 U.S. 1 (1987) held:

> While death benefits may represent a one-time payment from the perspective of the beneficiaries, the employer clearly foresees the need to make regular payments to survivors on an ongoing basis. The ongoing, predictable nature of this obligation therefore creates the need for an administrative scheme to process claims and pay out benefits, whether those benefits are received by beneficiaries in a lump sum or on a periodic basis.

<u>Id</u>. at 13. It is clear from above, that Plan employed by ComEd for disbursing PTDs constitutes an "administrative scheme" within the meaning ERISA as determined by <u>Fort Halifax</u>.

### Conclusion

For the foregoing reasons, the plaintiff's motion to remand is denied.

Enter:

David H. Coar
United States District Judge

**Dated:** April 11, 2002